FRANCISCO MURIEL, as Administrator, etc., of JULIO MURIEL, Deceased, Appellant, v. BALTIMORE INSULAR LINE, INC., Respondent.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. In our opinion, the doctrine of res ipsa loquitur has no application to this case. (Eaton v. N. Y. C. & H. R. R. R. Co., 195 N. Y. 267.) There is no evidence

sufficient to support a finding that heat exhaustion was the cause of death. Upon the trial, plaintiff claimed that death was caused by negligence of the defendant in permitting the decedent to use a portable electric light, improperly wired and insulated, and that, as a result, plaintiff's intestate was electrocuted, and also that the deceased came to his death through asphyxiation by poisonous gases and that defendant was negligent in permitting the deceased to work in the boiler without taking proper precautions to remove the gases. The proof submitted by plaintiff's own witness Webb and defendant's witnesses was to the effect that the portable electric light was properly wired and insulated and in good condition at the time of the accident. The evidence, therefore, precluded a finding of the jury that defendant was negligent in this particular. As to the charge of negligence in failing to take proper precautions to remove the dangerous gas from the boiler before allowing deceased to enter it, we are of the opinion that the evidence was sufficient to entitle the plaintiff to a submission of this question to the jury. The evidence as to the dependency of the next of kin is very meager, but we are of the opinion that the dismissal should not be sustained on this ground. Upon a new trial, more definite evidence may be obtainable. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.